IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JIM FIUME, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No.: 4:20-cv-00540 |
| | § | |
| DI ANGELO PUBLICATIONS, INC. and | § | |
| SEQUOIA DI ANGELO aka SEQUOIA | § | |
| SCHMIDT | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL ANSWER TO THE ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS [DOC. 3]**

Plaintiff, Jim Fiume, files this Original Answer to the Answer, Affirmative Defenses and

Counterclaims in Response to Plaintiff's Original Petition, filed by Defendants, DI ANGELO

PUBLICATIONS, INC. and SEQUOIA DI ANGELO aka SEQUOIA SCHMIDT [Doc. 3], and in

support therefore would show the Court as follows:

DISCOVERY CONTROL PLAN

1.      Plaintiff admits the allegation is paragraph 1 that the procedures and limitations set

forth in the Texas Discovery Control Plan 2 are not applicable in federal court.

JURSIDCTION AND VENUE

2.      Plaintiff that admits that venue is appropriate in Houston, Harris County, Texas.

3.      Plaintiff denies the allegations in paragraph 3, except that Plaintiff agrees that

Plaintiff claims monetary damages, a declaratory judgment, and injunctions.

4.      Plaintiff denies that this Court has jurisdiction over the claims and parties.

20190808.20200106/3525651.1

5. Plaintiff denies the allegations in paragraph 5, except that Plaintiff admits that it claims damages.

## PARTIES

6. No further answer is required.

7. No further answer is required.

8. No further answer is required.

## CONDITIONS PRECEDENT

9. Plaintiff would show that demand was made, and further that Plaintiff complied with all conditions precedent to recovery, or else such conditions were waived or performance was excused.

## SUMMARY

10. Paragraph is a narrative and no answer is required. To the extent that an answer is required, Plaintiff incorporates as if fully set forth herein its Complaint [Exhibit 1 to Doc. 1] at paraph 10.

## BACKGROUND

11. No answer is required as to sentence 1 of paragraph 11. Plaintiff admits the allegation in sentence two of paragraph 11, starting at, "Defendants admit that Defendant Schmidt represented to Fiume …" and ending at "… and marketing books such as memoirs."

12. No answer is required as to Sentence 1 of paragraph 12. Plaintiff denies sentence two of paragraph 12. No further answer is required as to sentence 3 of paragraph 12.

13. No further answer is required as to sentence one of paragraph 13. Plaintiff denies sentence two of paragraph 12. No further answer is required as to sentence 3 of paragraph 13.

14.     Plaintiff denies sentence 1 of paragraph 14. Plaintiff admits sentence two of paragraph 14.

15.     No answer is required to sentence 1 of paragraph 15. Plaintiff denies sentence two of paragraph 15. Plaintiff denies sentence 3 of paragraph 15. Plaintiff denies sentence 4 of paragraph 15.

16.     No answer is required to paragraph 16.

17.     No answer is required to paragraph 17.

18.     No answer is required to paragraph 18.

19.     Plaintiff denies sentence 1 of paragraph 19. No answer is required to sentence 2 of paragraph 19.

20.     No answer is required to sentence 1 of paragraph 20. Plaintiff denies sentence 2 of paragraph 20. No answer is required to sentence 3 of paragraph 20.

21.     No answer is required to sentence 1 of paragraph 21.

22.     No answer is required to paragraph 22.

23.     No answer is required to paragraph 23.

24.     No answer is required to paragraph 24.

CAUSES OF ACTION

25.     No answer is required to paragraph 25.

26.     No answer is required to paragraph 26.

27.     No answer is required to paragraph 27.

28.     No answer is required to paragraph 28.

29.     No answer is required to paragraph 29.

30.     No answer is required to paragraph 30.

31.     No answer is required to paragraph 31.

32.     No answer is required to paragraph 32.

33.     No answer is required to paragraph 33.

34.     No answer is required to paragraph 34.

35.     No answer is required to paragraph 35.

36.     No answer is required to paragraph 36.

37.     No answer is required to paragraph 37.

38.     No answer is required to paragraph 38.

39.     No answer is required to paragraph 39.

40.     No answer is required to paragraph 40.

41.     No answer is required to paragraph 41.

42.     No answer is required to paragraph 42.

43.     No answer is required to paragraph 43.

44.     No answer is required to paragraph 44.

45.     No answer is required to paragraph 45.

46.     No answer is required to paragraph 46.

47.     No answer is required to paragraph 47.

48.     No answer is required to paragraph 48.

49.     No answer is required to paragraph 49.

50.     No answer is required to paragraph 50.

51.     No answer is required to paragraph 51.

52.     No answer is required to paragraph 52.

53.     No answer is required to paragraph 53.

20190808.20200106/3525651.1

54.     No answer is required to paragraph 54.

55.     No answer is required to paragraph 55.

56.     No answer is required to paragraph 56.

57.     No answer is required to paragraph 57.

58.     No answer is required to paragraph 58.

59.     No answer is required to paragraph 59.

60.     No answer is required to paragraph 60.

61.     No answer is required to paragraph 61.

62.     No answer is required to paragraph 62.

63.     No answer is required to paragraph 63.

64.     No answer is required to paragraph 64.

65.     No answer is required to paragraph 65.

66.     No answer is required to paragraph 66.

67.     No answer is required to paragraph 67.

68.     No answer is required to paragraph 68.

69.     No answer is required to paragraph 69.

70.     No answer is required to paragraph 70.

71.     No answer is required to paragraph 71.

72.     No answer is required to paragraph 72.

73.     No answer is required to paragraph 73.

PRAYER

74.     No answer is required to paragraph 74.

## DEFENDANTS' AFFIRMATIVE DEFENSES

75.     No answer is required to paragraph 75.

76.     Plaintiff denies the allegation is paragraph 76. Plaintiff incorporates as if set forth fully herein paragraphs 25 through 31 of the Original Complaint [Exhibit 1 to Doc. 1]

77.     Plaintiff denies the allegation in paragraph 77.

78.     Plaintiff denies the allegation in paragraph 78. Plaintiff incorporates as if fully set forth herein paragraphs 11-15, 19-21, and 25-31 of the Original Complaint [Exhibit 1 to Doc. 1], which sets forth the reliance the subject of Plaintiff's fraudulent inducement claims.

79.     Plaintiff denies the allegation in paragraph 79. Plaintiff incorporates as if fully set forth herein paragraphs 11-15, 19-21, and 25-31 of the Original Complaint [Exhibit 1 to Doc. 1], which sets forth the injury the subject of Plaintiff's claims.

80.     Defendant skipped paragraph 80.

81.     Plaintiffs denies the allegation in paragraph 81.

82.     Plaintiff denies the allegation in paragraph 82. Plaintiff incorporates as if fully set forth herein paragraphs 11-15, 19-21,and 25-31 of the Original Complaint [Exhibit 1 to Doc. 1], which sets forth the misrepresentations that a reasonable person would attach important to and would be induced to act on in determining his choice of actions, which are the subject of Plaintiff's fraudulent inducement claims. Plaintiff would further show that Defendants admit the representations the subject of this claim, in paragraph 11, sentence 2, sentence 2 of paragraph 14, he first part of sentence 19, ending at "sales,"  and the second part of sentence two of paragraph 21, starting at "… Defendants admit that Fiume's memoir … ," of the Answer [Exhibit 1 to Doc. 1].

20190808.20200106/3525651.1

83.     Plaintiff denies the allegation in paragraph 83. Plaintiff incorporates as if fully set forth herein paragraphs 11-15, 19-21, and 25-31 of the Original Complaint [Exhibit 1 to Doc. 1], which sets forth the material misrepresentations the subject of Plaintiff's fraudulent inducement claims. Plaintiff would further show that Defendants admit the representations the subject of this claim, in paragraph 11, sentence 2, sentence 2 of paragraph 14, he first part of sentence 19, ending at "sales," and the second part of sentence two of paragraph 21, starting at "… Defendants admit that Fiume's memoir … ," of the Answer [Exhibit 1 to Doc. 1].

84.     Plaintiff incorporates as if fully set forth herein paragraphs 11-15, 19-21, and 25-31 of the Original Complaint [Exhibit 1 to Doc. 1], which sets forth the material misrepresentation about the success of the book, the subject of Plaintiff's fraudulent inducement claims.

85.     Plaintiff denies the allegation in paragraph 85. Plaintiff would further show that Defendants admit the representations the subject of this claim, in paragraph 11, sentence 2, sentence 2 of paragraph 14, he first part of sentence 19, ending at "sales," and the second part of sentence two of paragraph 21, starting at "… Defendants admit that Fiume's memoir … ," of the Answer [Exhibit 1 to Doc. 1].

86.     Plaintiff incorporates as if fully set forth herein paragraphs 11-15, 19-21, 25-31, and 32-35 of the Original Complaint [Exhibit 1 to Doc. 1], which sets forth the misrepresentations in the course of Defendants' business and in the pursuit of a transaction where Defendants had a financial interest, and where the representation supplied false information to guide others, in their own business, the subject of Plaintiff's negligence claims. Plaintiff would further show that Defendants admit the representations the subject of this claim, in paragraph 11, sentence 2, sentence 2 of paragraph 14, he first part of sentence 19, ending at "sales," and the second part of

7

sentence two of paragraph 21, starting at "… Defendants admit that Fiume's memoir … ," of the Answer [Exhibit 1 to Doc. 1].

87.    Plaintiff denies the allegation in paragraph 87. Plaintiff incorporates as if fully set forth herein paragraph 33 of the Original Complaint [Exhibit 1 to Doc. 1], which sets forth the allegation that Defendants failed to exercise reasonable care in gathering and disseminating information, the subject of Plaintiff's negligence claims.

88.    Plaintiff denies the allegation in paragraph 88. Plaintiff incorporates as if fully set forth herein paragraphs 11-15, 19-21, 25-31, and 32-35 of the Original Complaint [Exhibit 1 to Doc. 1], which sets forth the false representations, which are the subject of Plaintiff's negligence claims. Plaintiff would further show that Defendants admit the representations the subject of this claim, in paragraph 11, sentence 2, sentence 2 of paragraph 14, he first part of sentence 19, ending at "sales,"  and the second part of sentence two of paragraph 21, starting at "… Defendants admit that Fiume's memoir … ," of the Answer [Exhibit 1 to Doc. 1].

89.    Plaintiff denies the allegation in paragraph 89.

90.    Plaintiff denies the allegation in paragraph 90. Plaintiff incorporates as if fully set forth herein paragraph 33 of the Original Complaint [Exhibit 1 to Doc. 1], which sets forth the allegations that Defendants did not exercise reasonable care or competence in obtaining or communicating the information to Mr. Fiume," which is the subject of Plaintiff's claims.

91.    Plaintiff denies the allegation in paragraph 91. Plaintiff incorporates as if fully set forth herein paragraphs 12, 16, 18-23, and 33 of the Original Complaint [Exhibit 1 to Doc. 1], which sets forth justifiable reliance on Defendants' false representations, which are the subject of Plaintiff's negligence claims.

92.     Plaintiff denies the allegation in paragraph 92. Plaintiff incorporates as if fully set forth herein paragraphs 12, 16, 18-23, and 33-35 of the Original Complaint [Exhibit 1 to Doc. 1], which sets forth the proximate cause the subject of Plaintiff's negligence claims.

93.     Plaintiff denies the allegation in paragraph 93. Plaintiff incorporates as if fully set forth herein paragraphs 11-15, 19-21, 25-31, and 32-35 of the Original Complaint [Exhibit 1 to Doc. 1], which sets forth the false representations, which are the subject of Plaintiff's negligence claims. Plaintiff would further show that Defendants admit the representations the subject of this claim, in paragraph 11, sentence 2, sentence 2 of paragraph 14, he first part of sentence 19, ending at "sales,"  and the second part of sentence two of paragraph 21, starting at "… Defendants admit that Fiume's memoir … ," of the Answer [Exhibit 1 to Doc. 1].

94.     Plaintiff denies the allegation in paragraph 94.

95.     Plaintiff denies the allegation in paragraph 95. Plaintiff incorporates as if fully set forth herein paragraphs 11-15, 19-21, 25-31, and 32-35 of the Original Complaint [Exhibit 1 to Doc. 1], which sets forth the grounds and basis of Plaintiff's gross negligence claims.

96.     Plaintiff denies the allegation in paragraph 96. Plaintiff incorporates paragraphs 36-37 of the Original Complaint [Exhibit 1 to Doc. 1].

97.     Plaintiff denies the allegation in paragraph 97. Plaintiff incorporates as if fully set forth herein paragraphs 11-24 and 36-37 of the Original Complaint [Exhibit 1 to Doc. 1], which sets forth the subject of Plaintiff's claim for constructive trust.

98.     No further answer is required to paragraph 98.

99.     Plaintiff denies the allegation in paragraph 99. Plaintiff incorporates as if fully set forth herein paragraphs 11-24 of the Original Complaint [Exhibit 1 to Doc. 1], which sets forth the special relationship the subject of Plaintiff's claim for constructive trust.

20190808.20200106/3525651.1

100.     Plaintiff denies the allegation in paragraph 100.

101.     Plaintiff denies the allegation in paragraph 101. Plaintiff incorporates as if set forth fully herein paragraphs 25 through 31 of the Original Complaint [Exhibit 1 to Doc. 1].

102.     Plaintiff denies the allegation in paragraph 102.

103.     Plaintiff denies the allegation in paragraph 103.

104.     Plaintiff denies the allegation in paragraph 104. Plaintiff would show that he holds all copyrights and rights to his autobiography and life story. Page 2 of Plaintiff's autobiography states, "Street Smart: An Orphan's Story, Copyright 2018 Jim River in digital and print distribution in the United States of America." Plaintiff would further show that on January 28, 2017, Defendants represented to Plaintiff, "… This will ensure that all writing will belong to you…."

105.     Plaintiff denies the allegation in paragraph 105. Plaintiff incorporates as if set forth fully herein paragraphs 11-24 and 36-37 of the Original Complaint [Exhibit 1 to Doc. 1], which sets forth the unjust enrichment the subject of Plaintiff's claim for unjust enrichment.

106.     Plaintiff denies the allegation in paragraph 106.

107.     Plaintiff denies sentence 107. Plaintiff has plead breach of contract in the alternative. By way of further response, Plaintiff would show that he did not sign a contract with any of the Defendants. Plaintiff would show that he signed a proposal of sorts, identified in that writing by Defendants as a "letter," and which is labeled "PUBLISHER-AUTHOR COMMUNICATION AND IS THEREFORE PRIVILEGED AND CONFIDENTIAL. THE INFROMATION CONTAINED HEREIN IS SUBJECT TO THE PUBLISHER-AUTHOR PRIVILEGE," and further states, "Jim Fiume will be representing a cook book of his works. Title Pending. Jim Fiume will be the sole author of the book and will hold all necessary permission and rights for the publication of his work. Including but not limited to original recipes." (the "Letter")

20190808.20200106/3525651.1

The Letter concludes, as follows: "We hope this letter has answered your questions and concerns regarding the operations and publishing process for Di Angelo Publications. We are looking forward to being your publisher on this amazing journey." The Letter is signed by Jim Fiume, but is not signed by Di Angelo Publications. No cook book was ever published.

108.     Plaintiff is without sufficient knowledge to admit or deny sentence 1 of paragraph 108. Plaintiff is without sufficient information to admit or deny sentence 2 of paragraph of paragraph 108.

109.     Plaintiff is without sufficient knowledge to admit or deny sentence 109. Plaintiff would show he does not know what the "ghostwriter thought," except that the ghostwriter stated to Plaintiff, "I wrote the book with you ... She didn't do much of anything. You could have self-published and paid for marketing for under $20,000." The ghostwriter earlier had advised Plaintiff that, "[s]he finally - after 2 years – finally sent me the money she owed me – she said she had sent a check months ago, but I never got it. I doubt she sent it. So she finally sent one that I received. I would not have advised give her any more money – there are skilled marketing people who could do a lot more for you than she can."

110.     Plaintiff is without sufficient information to admit or deny the allegations in paragraph 110. As such, denied.

111.     Plaintiff is without sufficient information to admit or deny the allegations in paragraph 111. As such, denied.

112.     Plaintiff denies the allegations in paragraph 112.

113.     Plaintiff is without sufficient information to admit or deny the allegations in paragraph 113. As such, denied.

114.     Plaintiff denies the allegations in paragraph 114.

115.     Plaintiff is without sufficient information to admit or deny the allegation in paragraph 115. As such, denied.

116.     Plaintiff denies the allegation in paragraph 116.

117.     Plaintiff denies the allegations in paragraph 117. Plaintiff would show that the cover art was Defendants' idea, which Plaintiff questioned on August 1, 2019, in the context of his seeking an accounting of the $10,000 he had earlier paid for advertising services which Defendants later admitted had not been provided and that an additional mock-up of a cover would follow for Plaintiff's approval. Plaintiff did not approve the "additional mock-up." Moreover, Defendants did not explain that the proposed change would cost him additional monies, above and beyond those fees he had already advanced to Defendants. Plaintiff would further show, that on September 4, 2019, Defendants confirmed in writing that Plaintiff still had not approved a new cover design sent to him in August, and that because the new cover had not been approved, it could not be published.

118.     Plaintiff admits the allegations in sentence 1 of paragraph 118. Plaintiff is without sufficient knowledge to admit or deny the allegation in sentence 2 of paragraph 118. Plaintiff denies the remainder of paragraph 118. Plaintiff would show that instead, on August 7, 2019, Plaintiff requested a release from Defendants' "poorly written agreement or let the chips fall where they may." Ten minutes later, Defendants then made the following offer to Plaintiff, stating: "Give me 2weeks [sic] to get the new cover up and do the advertising. If the sales and review no [sic] picked up by the end of August, I will let you walk away form your contract. Deal?" Plaintiff accepted, stating, "OK, I'll agree to that. I feel more confident that you are willing to prove this to be a success and with the option of me walking away from your agreement if not." Sales and reviews did not increase by the end of August. As such, Defendants fully and finally released Plaintiff from whatever contractual obligations each believes Plaintiff is obligated.

119.    Plaintiff denies the allegation in paragraph 119.

120.    Plaintiff denies the allegations in paragraph 120.

121.    Plaintiff denies the allegations paragraph 121. Plaintiff would show that instead, on August 7, 2019, Plaintiff requested a release from Defendants' "poorly written agreement or let the chips fall where they may." Ten minutes later, Defendants then made the following offer to Plaintiff, stating: "Give me 2weeks [sic] to get the new cover up and do the advertising. If the sales and review no [sic] picked up by the end of August, I will let you walk away from your contract. Deal?" Plaintiff accepted, stating, "OK, I'll agree to that. I feel more confident that you are willing to prove this to be a success and with the option of me walking away from your agreement if not." Sales and reviews did not increase by the end of August. As such, Defendants fully and finally released Plaintiff from whatever contractual obligations each believes Plaintiff is obligated.

122.    Plaintiff denies the allegations in paragraph 122. Plaintiff would show that instead, on August 7, 2019, Plaintiff requested a release from Defendants' "poorly written agreement or let the chips fall where they may." Ten minutes later, Defendants then made the following offer to Plaintiff, stating: "Give me 2weeks [sic] to get the new cover up and do the advertising. If the sales and review no [sic] picked up by the end of August, I will let you walk away from your contract. Deal?" Plaintiff accepted, stating, "OK, I'll agree to that. I feel more confident that you are willing to prove this to be a success and with the option of me walking away from your agreement if not." Sales and reviews did not increase by the end of August. As such, Defendants fully and finally released Plaintiff from whatever contractual obligations each believes Plaintiff is obligated.

123.    Plaintiff denies the allegation in paragraph 123. Plaintiff would show that instead, on August 7, 2019, Plaintiff requested a release from Defendants' "poorly written agreement or let the chips fall where they may." Ten minutes later, Defendants then made the following offer to

13

Plaintiff, stating: "Give me 2weeks [sic] to get the new cover up and do the advertising. If the sales and review no [sic] picked up by the end of August, I will let you walk away form your contract. Deal?" Plaintiff accepted, stating, "OK, I'll agree to that. I feel more confident that you are willing to prove this to be a success and with the option of me walking away from your agreement if not." Sales and reviews did not increase by the end of August. As such, Defendants fully and finally released Plaintiff from whatever contractual obligations each believes Plaintiff is obligated.

124.    Plaintiff denies the allegation in paragraph 124. Plaintiff would show that instead, on August 7, 2019, Plaintiff requested a release from Defendants' "poorly written agreement or let the chips fall where they may." Ten minutes later, Defendants then made the following offer to Plaintiff, stating: "Give me 2weeks [sic] to get the new cover up and do the advertising. If the sales and review no [sic] picked up by the end of August, I will let you walk away form your contract. Deal?" Plaintiff accepted, stating, "OK, I'll agree to that. I feel more confident that you are willing to prove this to be a success and with the option of me walking away from your agreement if not." Sales and reviews did not increase by the end of August. As such, Defendants fully and finally released Plaintiff from whatever contractual obligations each believes Plaintiff is obligated.

125.    Plaintiff denies the allegation in paragraph 125. Plaintiff would show that instead, on August 7, 2019, Plaintiff requested a release from Defendants' "poorly written agreement or let the chips fall where they may." Ten minutes later, Defendants then made the following offer to Plaintiff, stating: "Give me 2weeks [sic] to get the new cover up and do the advertising. If the sales and review no [sic] picked up by the end of August, I will let you walk away form your contract. Deal?" Plaintiff accepted, stating, "OK, I'll agree to that. I feel more confident that you are willing to prove this to be a success and with the option of me walking away from your agreement if not."

20190808.20200106/3525651.1

Sales and reviews did not increase by the end of August. As such, Defendants fully and finally released Plaintiff from whatever contractual obligations each believes Plaintiff is obligated.

126.     Plaintiff denies the allegation in paragraph 126. Plaintiff would show that instead, on August 7, 2019, Plaintiff requested a release from Defendants' "poorly written agreement or let the chips fall where they may." Ten minutes later, Defendants then made the following offer to Plaintiff, stating: "Give me 2weeks [sic] to get the new cover up and do the advertising. If the sales and review no [sic] picked up by the end of August, I will let you walk away from your contract. Deal?" Plaintiff accepted, stating, "OK, I'll agree to that. I feel more confident that you are willing to prove this to be a success and with the option of me walking away from your agreement if not." Sales and reviews did not increase by the end of August. As such, Defendants fully and finally released Plaintiff from whatever contractual obligations each believes Plaintiff is obligated.

127.     Plaintiff denies the allegation in paragraph 127. Plaintiff would show that Defendant referenced those specific representations in her email of August 7, 2019, in which she stated, "This year we had two international Amazon best sellers. Both of whom put over $50,000 into promotion and advertising. It takes time and money. You and I both discussed this, at great length."

128.     Plaintiff denies the allegation in paragraph 128.

129.     Plaintiff denies the allegation in paragraph 129.

130.     Plaintiff denies the allegation in paragraph 130.

131.     Plaintiff denies the allegation in paragraph 131. Plaintiff incorporates as if set forth fully herein paragraphs 41 through 46 of the Original Complaint [Exhibit 1 to Doc. 1]. Plaintiff further incorporates as if set forth fully herein paragraphs 11-24 of the Original Complaint [Exhibit

1 to Doc. 1], which sets forth the specific acts and representations by Defendants the subject of Plaintiff's claim for violations of the DTPA.

132.    Plaintiff denies the allegation in paragraph 132. Plaintiff incorporates as if set forth fully herein paragraphs 11-24 of the Original Complaint [Exhibit 1 to Doc. 1], which sets forth the specific acts and representations and acts by Defendants the subject of Plaintiff's claim for violations of the DTPA, as well as the Defendants' knowledge of such falsity, deception and unfairness.

133.    Paragraph 133 does not provide further answer.

134.    Plaintiff denies the allegation in paragraph 134. Plaintiff incorporates as if set forth fully herein paragraphs 21-24 of the Original Complaint [Exhibit 1 to Doc. 1], which sets forth the injuries the subject of Plaintiff's claims for violations of the DTPA.

135.    Plaintiff denies the allegation in paragraph 135. Plaintiff incorporates as if set forth fully herein paragraph 44 of the Original Complaint [Exhibit 1 to Doc. 1], which sets forth the Defendants' violations of the DTPA that are a "producing cause" of Plaintiff's damages, more specifically that Plaintiff relied to his detriment on Defendants' conduct which is the subject of Plaintiff's claims for violations of the DTPA.

136.    Plaintiff denies the allegation in paragraph 136. Plaintiff incorporates as if set forth fully herein paragraph 44 of the Original Complaint [Exhibit 1 to Doc. 1], which sets forth the Defendants' violations of the DTPA that are a "producing cause" of Plaintiff's damages, more specifically that Plaintiff relied to his detriment on Defendants' conduct which is the subject of Plaintiff's claims for violations of the DTPA.

137.    Plaintiff denies the allegation in paragraph 137. Plaintiff incorporates as if set forth fully herein paragraphs 21-24 and 44-45 of the Original Complaint [Exhibit 1 to Doc. 1], which

sets forth that Defendants caused damages to the Plaintiff, with knowledge by the Defendant, and which are the subject of Plaintiff's claims for violations of the DTPA.

138. Plaintiff denies the allegation in paragraph 138. Plaintiff would show that Defendants released Plaintiffs from any such "contract," although Plaintiff denies that he signed any document with Defendants, other than the Letter. Plaintiff further would show that Defendants released him from the "poorly written agreement," believed to be the contract the subject of this allegation, stating: "Give me 2weeks [sic] to get the new cover up and do the advertising. If the sales and review no [sic] picked up by the end of August, I will let you walk away from your contract. Deal?" Plaintiff accepted, stating, "OK, I'll agree to that. I feel more confident that you are willing to prove this to be a success and with the option of me walking away from your agreement if not." Sales and reviews did not increase by the end of August. As such, Defendants fully and finally released Plaintiff from whatever contractual obligations each believes Plaintiff is obligated.

139. Plaintiff denies the allegation in paragraph 139.

140. No further answer is necessary.

141. Plaintiff denies the allegation in paragraph 141.

142. Plaintiff denies the allegation in paragraph 142.

143. Plaintiff denies the allegation in paragraph 143.

144. Plaintiff denies the allegation in paragraph 144. Plaintiff would show that the ghostwriter stated to Plaintiff, "I wrote the book with you ... [Defendants] didn't do much of anything You could have self-published and paid for marketing for under $20,000."

145. Plaintiff denies the allegation in paragraph 145. Plaintiff would show that the ghostwriter stated to Plaintiff, "I wrote the book with you ... [Defendants] didn't do much of

anything You could have self-published and paid for marketing for under $20,000." Plaintiff would further show that page 2 of Plaintiff's autobiography states, "Street Smart: An Orphan's Story, Copyright 2018 Jim River in digital and print distribution in the United States of America." Plaintiff would further show that on January 28, 2017, Defendants represented to Plaintiff, "… This will ensure that all writing will belong to you…."

146.    Plaintiff denies the allegation in paragraph 146. Plaintiff would show that the ghostwriter stated to Plaintiff, "I wrote the book with you ... [Defendants] didn't do much of anything You could have self-published and paid for marketing for under $20,000." Plaintiff would further show that page 2 of Plaintiff's autobiography states, "Street Smart: An Orphan's Story, Copyright 2018 Jim River in digital and print distribution in the United States of America." Plaintiff would further show that on January 28, 2017, Defendants represented to Plaintiff, "… This will ensure that all writing will belong to you…."

147.    Plaintiff denies the allegation in paragraph 147. Plaintiff would show that the ghostwriter stated to Plaintiff, "I wrote the book with you ... [Defendants] didn't do much of anything You could have self-published and paid for marketing for under $20,000." Plaintiff would further show that page 2 of Plaintiff's autobiography states, "Street Smart: An Orphan's Story, Copyright 2018 Jim River in digital and print distribution in the United States of America." Plaintiff would further show that on January 28, 2017, Defendants represented to Plaintiff, "… This will ensure that all writing will belong to you...."

148.    Plaintiff denies the allegation in paragraph 148.

149.    Plaintiff denies the allegation in paragraph 149.

150.    Plaintiff denies the allegation in paragraph 150. Plaintiff alleges in paragraph 40 of the Original Complaint [Exhibit 1 to Doc. 1], that "Di Angelo Publications and Ms. Di Angelo

wholly failed, including, but not limited to, not competently preparing Mr. Fiume's novel for print and publication, not marketing Mr. Fiume's novel, and not providing an accounting to Mr. Fiume of the funds requested and paid." Plaintiff further has alleged and established a release from any contractual obligations, including without limitation the Letter. Original Complaint, [Exhibit 1 to Doc. 1], at pars. 19-22, and 69, Plaintiff further alleges at paragraph 48 of the Original Complaint [Exhibit 1 to Doc. 1], that despite such release, and despite having no right of title or possession to his property, "Di Angelo Publications and Ms. Di Angelo continue to wrongfully exercise dominion and control over Mr. Fiume's property, including continuing to list his novel for sale on Amazon.com and on the Di Angelo Publications website." Plaintiff would further show that demand was made for return of his property, and that Defendants wholly failed to respond to such demand.

151.   Plaintiff denies the allegation in paragraph 151.

152.   Plaintiff denies the allegation in paragraph 152.

153.   Plaintiff denies the allegation in paragraph 153. Plaintiff would show that on August 7, 2019, Defendants admitted in writing that the $10,000 Plaintiff paid on an invoice for the "Advertisement Package," on June 11, 2019, for advertising that had not yet been done, stating: "…if you like we can apply the $10,000 that you already paid and has not been used… ."

154.   Plaintiff denies the allegation in paragraph 154.

155.   Plaintiff denies the allegation in paragraph 155.

156.   Plaintiff denies the allegation in paragraph 156.

157.   Plaintiff denies the allegation in paragraph 157.

158.   Plaintiff denies the allegation in paragraph 158.

159.     Plaintiff denies the allegation in paragraph 159. Plaintiff incorporates paragraphs 57-65 of the Original Complaint [Exhibit 1 to Doc. 1].

160.     Plaintiff denies the allegation in paragraph 160.

### OTHER AFFIRMATIVE DEFENSES

161.     Plaintiff denies the allegation in paragraph 161.

162.     Plaintiff denies the allegation in paragraph 162.

163.     Plaintiff denies the allegation in paragraph 163. Plaintiff would show that instead, on August 7, 2019, Plaintiff requested a release from Defendants' "poorly written agreement or let the chips fall where they may." Ten minutes later, Defendants then made the following offer to Plaintiff, stating: "Give me 2weeks [sic] to get the new cover up and do the advertising. If the sales and review no [sic] picked up by the end of August, I will let you walk away from your contract. Deal?" Plaintiff accepted, stating, "OK, I'll agree to that. I feel more confident that you are willing to prove this to be a success and with the option of me walking away from your agreement if not." Sales and reviews did not increase by the end of August. As such, Defendants fully and finally released Plaintiff from whatever contractual obligations each believes Plaintiff is obligated.

164.     Plaintiff denies the allegation in paragraph 164.

165.     Plaintiff denies the allegation in paragraph 165.

166.     Plaintiff denies the allegation in paragraph 166.

167.     Plaintiff denies the allegation in paragraph 167.

168.     Plaintiff denies the allegation in paragraph 168.

169.     Plaintiff denies the allegation in paragraph 169.

170.     Plaintiff denies the allegation in paragraph 170.

171.     Plaintiff denies the allegation in paragraph 171.

20190808.20200106/3525651.1

172.     Plaintiff denies the allegation in paragraph 172.

## COUNTERCLAIMS

173.     Admitted.

174.     Admitted.

175.     Plaintiff is without sufficient information to admit or deny. Plaintiff admits that Di Angelo Publications holds itself out as a book publishing company.

176.     Plaintiff is without sufficient information to admit or deny paragraph 176.

177.     Plaintiff is without sufficient information to admit or deny paragraph sentence 1 of paragraph 177. Plaintiff admits sentence 2 of paragraph 177 in part, in that Plaintiff admits he was a client. Plaintiff denies the remainder of paragraph 177.

178.     Plaintiff admits that he has attained success in business. Plaintiff denies the remainder of paragraph 178.

## COUNTERCLAIM ONE

## REQUEST FOR DECLARATORY JUDGMENT OF COPYRIGHT OWNERSHIP BY DI ANGELO PUBLICATIONS

179.     Plaintiff denies sentence 1 of paragraph 179. Plaintiff admits sentence two of paragraph 179.

180.     Plaintiff admits paragraph 180.

181.     Plaintiff denies the allegations in paragraph181. Plaintiff would show that he did not sign a contract with any of the Defendants. Plaintiff would show that he signed a proposal of sorts, identified by Defendants as a "letter," which is labeled "PUBLISHER-AUTHOR COMMUNICATION AND IS THEREFORE PRIVILEGED AND CONFIDENTIAL. THE INFROMATION CONTAINED HEREIN IS SUBJECT TO THE PUBLISHER-AUTHOR PRIVILEGE," and further states, "Jim Fiume will be representing a cook book of his works. Title

21

Pending. Jim Fiume will be the sole author of the book and will hold all necessary permission and rights for the publication of his work. Including but not limited to original recipes." (the "Letter") The Letter concludes, as follows: "We hope this letter has answered your questions and concerns regarding the operations and publishing process for Di Angelo Publications. We are looking forward to being your publisher on this amazing journey." The Letter is signed by Jim Fiume, but is not signed by Di Angelo Publications. No cook book was ever published. Plaintiff would further show that on January 28, 2017, Defendants represented to Plaintiff, "… This will ensure that all writing will belong to you...."

182.    Plaintiff denies the allegations in paragraph 182. To the extent Defendant contends the Letter is a contract, the Letter clearly states, "Jim Fiume will be representing a cook book of his works. Title Pending. Jim Fiume will be the sole author of the book and will hold all necessary permission and writes for the publication of his work. Including but not limited to original recipes."

183.    Plaintiff denies the allegations in paragraph183. Page 2 of Plaintiff's autobiography states, "Street Smart: An Orphan's Story, Copyright 2018 Jim River in digital and print distribution in the United States of America." Plaintiff would further show that on January 28, 2017, Defendants represented to Plaintiff, "… This will ensure that all writing will belong to you, …."

184.    Plaintiff is without sufficient information to admit or deny the allegation in paragraph 184.

185.    Plaintiff is without sufficient information to admit or deny the allegations in paragraph 185.

186.    Plaintiff admits the first sentence of paragraph 186. Plaintiff denies the second sentence of paragraph 186, and specifically Plaintiff denies that the book is 65,000 pages long.

187.    Plaintiff admits the allegations in paragraph 187.

188.     Plaintiff is without sufficient information to admit or deny the allegation in 188 as to what "Sequoia Schmidt considered." Plaintiff admits discussing the book with Ms. Schmidt.

189.     Plaintiff admits the allegations in paragraph 189, in part. Plaintiff would show that he admits that portions of his life story had originally been left out of his biography.

190.     Plaintiff is without sufficient information to admit or deny paragraph 190.

191.     Plaintiff admits the allegation in sentence 1 of paragraph 191. Plaintiff is without sufficient information to admit or deny the allegations in sentence 2 of paragraph 191. Plaintiff admits that a book entitled, "Street Smart: An Orphan Story" was published, which identifies "Jim River" as the author and copyright holder.

192.     Plaintiff denies the allegations in paragraph 192.

193.     Plaintiff denies in part the allegation in sentence 1 of paragraph 193. Plaintiff would show that he questioned the title and cover. Plaintiff is without sufficient information to admit or deny the first part of sentence two, ending at, "revised the cover…." Plaintiff would further show that he denies the remainder of the allegation in sentence 2 of paragraph 193.

194.     Plaintiff denies in part the allegation in paragraph 194. Plaintiff would show that he questioned the title and cover. As such, denied.

195.     Plaintiff is without sufficient information to admit or deny the allegation in paragraph 195.

196.     Plaintiff is without sufficient information to admit or deny the allegation in paragraph 196.

197.     Plaintiff denies the allegations of paragraph 197.

198.     Plaintiff denies the allegations of paragraph 198.

20190808.20200106/3525651.1

199.    Plaintiff denies the allegations of paragraph 199. Plaintiff would further show that he is the copyright holder to the book the subject of this litigation, and his life story. Plaintiff would further show that on January 28, 2017, Defendants represented to Plaintiff, "… This will ensure that all writing will belong to you …."

200.    Plaintiff denies the allegations in paragraph 200. Plaintiff would further show that he is the copyright holder to the book the subject of this litigation, and his life story. Plaintiff would further show that on January 28, 2017, Defendants represented to Plaintiff, "… This will ensure that all writing will belong to you…."

201.    Plaintiff denies the allegation in paragraph 201. Plaintiff would further show that he is the copyright holder to the book the subject of this litigation, and his life story. Plaintiff would further show that on January 28, 2017, Defendants represented to Plaintiff, "… This will ensure that all writing will belong to you…."

COUNTERCLAIM TWO

BREACH OF CONTRACT BY JIME FIUME

202.    Plaintiff denies all of the allegations set forth in paragraph 202.

203.    Plaintiff denies the allegations of paragraph 203. Plaintiff would show that Plaintiff signed a Letter which is a proposal to publish a cookbook.

204.    Plaintiff denies the allegations in paragraph 204. Plaintiff would show that Plaintiff signed a Letter which is a proposal to publish a cookbook.

205.    Plaintiff denies the allegations in paragraph 205. Plaintiff would show that Plaintiff signed a Letter which is a proposal to publish a cookbook.

206.    Plaintiff denies the allegations in paragraph 206. Plaintiff would show that Plaintiff signed a Letter which is a proposal to publish a cookbook.

24

207. Plaintiff denies the allegations in paragraph 207. Plaintiff would show that Plaintiff signed a Letter which is a proposal to publish a cookbook.

208. Plaintiff is without sufficient information to admit or deny the allegations in paragraph 208.

209. Plaintiff denies in part the allegations in paragraph 209. Plaintiff would show that Plaintiff questioned the title and cover.

210. Plaintiff is without sufficient information to admit or deny the allegations in paragraph 210.

211. Plaintiff is without sufficient information to admit or deny the allegations in paragraph 211.

212. Plaintiff denies the allegations in paragraph 212. Plaintiff would show that Plaintiff paid in full, for all services allegedly rendered. On August 7, 2019, Defendants represented, in writing, "[a]ll of the things involved in development of the book where [sic] expenses covered by you. We are still doing everything to try and make you happy with the product, and also make it sale-able [sic] to the public. You covered all those costs, 100%," to quote Defendants and as such, Defendant has been overpaid no less than $11,000.

213. Plaintiff denies the allegations in paragraph 213. Plaintiff would show that he questioned the title and cover.

214. Plaintiff denies the allegation in paragraph 214.

215. Plaintiff admits the allegations in paragraph 215.

216. Plaintiff admits the allegations in paragraph 216.

217. (a) Plaintiff denies the allegations in paragraph 217 [first paragraph 217]

(b) Plaintiff denies the allegation in second paragraph 217. Plaintiff would show the Defendant corroborated these earlier statements, in writing, "[t[his year we had two international Amazon best sellers. Both of whom put over $50,000 into promotion and advertising. It takes time and money. You and I both discussed this, at great length."

218.    Plaintiff denies the allegations in paragraph 218. Plaintiff would show that he made demand, through a lawyer and that following such demand, Defendant offered to release Plaintiff from whatever contract Defendant believes obligated Plaintiff, which the terms of such release, Plaintiff accepted.

219.    Plaintiff denies the allegations in paragraph 219. Plaintiff would show that Defendant was fully paid, "100%" to quote Defendants, for any and all services allegedly provided.

220.    Plaintiff denies the allegations in paragraph 220.

221.    Plaintiff denies the allegations in paragraph 221.

222.    Plaintiff denies the allegations in paragraph 222. Plaintiff would show that Plaintiff signed the Letter, which is a proposal to publish a cookbook. Plaintiff would further show that Defendant fully and finally released Plaintiff from any contract Defendant believes obligated Plaintiff.

223.    Plaintiff further denies that Defendant is entitled to the relief requested in the prayer of the Answer.

## AFFIRMATIVE DEFENSES

224.    Counter-Defendant asserts the following affirmative defenses to Counter-Plaintiffs' Counter Claims.

225.    The Counterclaim, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and/or law.

226.     Defendants also fail to state a claim for which liquidated damages may be granted.

227.     Plaintiff affirmatively pleads that Defendants cannot obtain the requested equitable relief in any form, particularly in the form of a temporary or permanent injunction, because Defendants have unclean hands throughout in its dealings with Plaintiff.

228.     Plaintiff affirmatively pleads that Defendants' claims are barred in whole or in part by anticipatory repudiation, novation, and prior material breach.

229.     Pleading in the alternative, Plaintiff pleads the affirmative defense of modification and would show that there was a meeting of the minds between all parties to any alleged contract on the terms of the modification, which was supported by new consideration.

230.     Pleading in the alternative, Plaintiff pleads contract by estoppel, quasi estoppel and/or quasi-contract.

231.     Plaintiff affirmatively pleads that Defendants' claims are barred in whole or in part by privilege, justification, waiver, estoppel and acquiescence.

232.     Plaintiff affirmatively pleads that Defendants' claims are barred in whole or in part by payment and accord and satisfaction.

233.     Plaintiff affirmatively pleads that Defendants' claims are barred in whole or in part by failure to mitigate damages.

234.     Plaintiff affirmatively pleads that Defendants' claims are barred in whole or in part by offset or setoff.

235.     Plaintiff affirmatively pleads that Defendants' claims are barred in whole or in part by the doctrine of election of remedies.

236.     Plaintiff affirmatively pleads that Defendants' claims are barred in whole or in part by the applicable statutes of limitations.

237. Pleading in the alternative, Plaintiff affirmatively pleads the defense of copyright invalidity because Defendants are not the owner of the alleged copyright.

238. Pleading in the alternative, Plaintiff affirmatively pleads that Defendants misused its alleged rights to the copyright material.

239. Plaintiff affirmatively pleads that Defendants is not the owner of any alleged copyright.

240. Plaintiff affirmatively pleads that Defendants has not properly registered any copyright and thus the court lacks jurisdiction to hear the case and the claim is improper.

241. Pleading in the alternative, Plaintiff would show that the alleged copyright owner is Plaintiff and Plaintiff granted himself permission to use the work or otherwise license its use.

242. Pleading in the alternative, Plaintiff would show that Plaintiff was unaware and had no reason to believe its acts constituted infringement or misappropriation.

243. Pleading in the alternative, Plaintiff would show that Defendants suffered no damages.

244. Pleading in the alternative, Plaintiff would show that Defendants failed to mitigate any damages.

245. Plaintiff would show that Defendants' claims are barred by their fraud, and fraudulent inducement and seek to set aside any agreement marred by fraud.

246. Plaintiff pleads the parole evidence rule.

247. Plaintiff pleads the statute of frauds.

248. Plaintiff pleads mistake, including mutual and unilateral mistake.

249. Plaintiff pleads that any alleged contract fails for vagueness.

20190808.20200106/3525651.1

250.     Plaintiff reserves the right to plead, assert and rely on all proper affirmative defenses lawfully available, including those which may be disclosed or discovered through further assertions by Defendants or otherwise through discovery.

## PRAYER

251.     For these reasons, Plaintiff Jim Fiume respectfully request that the Court enter judgment that Defendants take nothing, dismiss Defendants' counterclaims with prejudice, and further, enter a judgment against Defendants, jointly and severally, as follows:

a.     A judgment awarding Plaintiff compensatory damages for each of the following:

  i.     For damages for Defendants' fraud and fraudulent inducement including, but not limited to, its actual damages, out-of-pocket damages, the benefit-of-the-bargain damages, and all other recoverable damages;

  ii.     For rescission or cancellation of any and all agreements marred by fraud and any compensatory or special damages or expenses incurred as a result including, without limitation recovery of attorney's fees and costs;

  iii.     For setoff, offset and/or credit against the damages he has incurred in the amount of any monies allegedly due and owing to Defendants;

  iv.     For the return of the property, and the loss of value and use, and loss of profits;

  v.     For an accounting as pleaded herein;

  vi.     For a constructive trust on all royalties or other monies paid to or otherwise received by Defendants relating to any sale or license of Mr. Fiume's novel, as necessary and appropriate to prevent unjust enrichment;

  vii.     For disgorgement as pleaded herein;

  viii.     For a declaration that:

  a.     Di Angelo Publications and Ms. Di Angelo have no intellectual property, publication, distribution, or marketing rights, title or interest in or to Mr. Fiume's manuscript, ideas and novel;

  b.     Mr. Fiume is the sole owner of all intellectual property, publication, distribution, and marketing rights to his manuscript, ideas and novel;

  c.     Di Angelo Publications and Ms. Di Angelo are not authorized to publish, distribute, advertise or market Mr. Fiume's novel; and

  d.     Mr. Fiume is released from any and all obligations and duties under any agreement with Defendants, including, but not limited to, any payment, cost or expense, nondisclosure, publicity, or noncompetition obligations.

  ix.     For a preliminary and permanent injunction enjoining Defendants, and their agents, servants, and employees, from publishing, distributing, advertising or marketing Mr. Fiume's novel, and a mandatory injunction compelling

29

Defendants, and their agents, servants, and employees, to turn over to Mr. Fiume the original file relating to his novel, including but not limited to all documents, in whatever format, whether tangible or electronic, all intellectual property associated with Mr. Fiume's novel, including the manuscript, and all print and digital copies of Mr. Fiume's novel;

x. Actual damages, its out-of-pocket damages, the benefit-of-the-bargain damages and all other such recoverable damages;

xi. Equitable forfeiture and disgorgement of any monies paid to or retained by Defendants in violation of their respective duties;

xii. Damages for Defendants' gross negligence, including its actual damages, out-of-pocket damages, benefit-of-the-bargain damages, and all other recoverable damages

xiii. Reliance damages resulting from Defendants' failure to perform its promises to Plaintiff;

xiv. Actual damages from the unjust enrichment benefiting Defendants, or in the alternative, the wrongful retention of Plaintiff's money, plus restitution, if any, based on such unjust enrichment and/or money had and received

xv. Actual damages, its out-of-pocket damages, the benefit-of-the-bargain damages and all other recoverable damages resulting from Defendants' conversion;

xvi. A full accounting of Defendants' books and financial records, however maintained, for all transactions and events between the Plaintiff and Defendants, and between the Defendants, from January 2, 2017, to the date of final disposition of this case;

xvii. In the alternative, economic damages for breach of contract, including but not limited to the recovery of Plaintiff's losses for all actual damages, out-of-pocket damages, the benefit-of-the-bargain damages, and all other recoverable damages, including lost earnings, lost business opportunities, damage to Plaintiff's reputation and good will in the community; exposure to third-party liability;

xviii. In the alternative, specific performance or enforcement of any of Defendants' promises pursuant to any enforceable contract between the parties;

xix. Exemplary damages;

xx. Reasonable attorneys' fees, pre and post-judgment interest and costs of court; and

xxi. Any other relief at law or in equity to which Plaintiff may show itself justly entitled.

20190808.20200106/3525651.1

Respectfully submitted,

By: /s/ Eric Lipper
      Eric Lipper
      State Bar No.12399000
      SDTX Bar No. 11442
      Melissa N. Sternfels
      State Bar No. 24037181
      SDTX Bar No. 38294
      1415 Louisiana, 36th Floor
      Houston, Texas 77002
      Telephone: (713) 223-5181
      Facsimile: (713) 223-9319
      elipper@hirschwest.com
      msternfels@hirschwest.com

      **ATTORNEYS FOR PLAINTIFF,**
      **JIM FIUME**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing was served by first class mail, postage prepaid, facsimile, certified mail, return receipt requested, or electronic mail by the Clerk of the Court via the ECM system, as listed below on April 3, 2020.

      /s/ Melissa N. Sternfels
      Melissa N. Sternfels

20190808.20200106/3525651.1